UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

ELIZABETH ROGERS,

    Plaintiff,

v.

MAXIMUS EDUCATION, LLC DBA AIDVANTAGE; and TRANSUNION, LLC

    Defendants.

Case No.: 2:25-cv-178

**Complaint for Damages:**
    **Violation of Fair Credit Reporting Act**

Plaintiff, Elizabeth Rogers, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.    INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.    PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Lake, Indiana.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, Maximus Education, LLC dba Aidvantage ("Aidvantage") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Indiana.

5. At all times pertinent hereto, Defendant Aidvantage is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as

that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Indiana.

7. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Indiana.

8. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

9. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

11. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Lake County, Indiana and Defendants do business in Indiana.

13. Personal jurisdiction exists over Defendants as Plaintiff resides in Indiana, Defendants have the necessary minimum contacts with the state of Indiana, and this suit arises out of specific conduct with Plaintiff in Indiana.

### IV. FACTUAL ALLEGATIONS

14. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Aidvantage and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

15. Equifax, Experian, and TransUnion are the three largest consumer reporting

agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

16. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

17. TransUnion has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

18. Plaintiff discovered the Aidvantage account balance $10,658 on their TransUnion consumer report in error (the "Account").

19. During the course of repayment of the Account, the Account was forgiven in full with Aidvantage for full and final settlement of Plaintiff's obligation with respect to the Account.

20. Plaintiff resolved their liability on the Account, and the Account balance is $0.

21. In spite of receiving the full benefit of loan forgiveness in full on the Account, and releasing Plaintiff from liability on the Account, Defendant Aidvantage continued, erroneously, to report a balance due and owing with derogatory charge-off status on the Account to Trans Union.

22. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates their credit utilization.

### PLAINTIFF'S WRITTEN DISPUTE

23. On or about January 29, 2025, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report.

24. Upon information and belief TransUnion forwarded Plaintiff's TransUnion Dispute to Defendant Aidvantage.

25. Upon information and belief, Aidvantage received notification of Plaintiff's Letters from TransUnion.

26. Upon information and belief, Aidvantage verified the erroneous information associated with the Account to TransUnion.

27. Aidvantage failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

28. TransUnion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

29. Upon information and belief, Aidvantage failed to instruct TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

30. TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's TransUnion Dispute.

31. At no point after receiving the TransUnion Dispute did Aidvantage or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's TransUnion Dispute.

32. TransUnion relied on their own judgment and the information provided to them by Aidvantage rather than grant credence to the information provided by Plaintiff.

33. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

34. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – TRANSUNION

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

35. Plaintiff re-alleges and reaffirms the above paragraphs 1-34 as though fully set forth herein.

36. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

37. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

38. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

40. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

42. Plaintiff re-alleges and reaffirms the above paragraphs 1-34 as though fully set forth herein.

43. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

44. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete

inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

45. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – AIDVANTAGE

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

49. Plaintiff re-alleges and reaffirms the above paragraphs 1-34 as though fully set forth herein.

50. After receiving the TransUnion Dispute, Aidvantage failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

51. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Aidvantage's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of

Defendant Aidvantage's representations to consumer credit reporting agencies, among other unlawful conduct.

52. As a result of this conduct, action, and inaction of Defendant Aidvantage, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. Defendant Aidvantage's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, Defendant Aidvantage was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Aidvantage pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted April 18, 2025

/s/ *Joseph Panvini*
Joseph Panvini
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 612-5016
Fax: (602) 218-4447
joe.panvini@mccarthylawyer.com
Attorney for Plaintiff